UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NESHIA L MORRIS                    CIVIL ACTION NO. 25-cv-1555

VERSUS                             JUDGE EDWARDS

STATE OF LOUISIANA                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Neshia Lorrain Morris ("Plaintiff"), who is self-represented, filed this civil action against the State of Louisiana. She alleges that she is trapped in poverty and that the State has not appropriately responded to her complaints. For the reasons that follow, it is recommended that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

### The Complaint

Plaintiff, a resident of Minden, alleges that she receives social security benefits and food stamps and is "trapped in poverty in the State of Louisiana." Plaintiff also alleges that she received a savings bond issued by the treasury, but it was stolen by Business First Bank. She makes a similar allegation that she gave Business First Bank a check for $48,000,000 "and the bank stole the money." She alleges that she filed complaints with the Louisiana Office of Financial Institutions, but they did not resolve the issues. Plaintiff makes a similar complaint that the State does not enforce the laws applicable to attorneys,

which has resulted in the loss of some funds that she gave a former attorney who has since died.

Plaintiff alleges that as a result of the "negligence and carelessness of the State of Louisiana" she has suffered mental anguish, poverty, and hopelessness. She prays for judgment against the State of Louisiana in excess of the $48,0000,000 she lost at the bank. Other than the reference to negligence, the complaint does not identify any particular legal theory under state or federal law.

**Analysis**

The only defendant named in Plaintiff's complaint is the State of Louisiana. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statutes, but Plaintiff has not plead a colorable claim under any of them. The general civil rights statute, 42 U.S.C. § 1983, does not abrogate the State's Eleventh Amendment immunity. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims such as negligence are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

Plaintiff's claims against the State of Louisiana must, therefore, be dismissed. The dismissal is for lack of jurisdiction, so it must be without prejudice. Anderson v. Jackson State Univ., 675 Fed. Appx. 461, 464 (5th Cir. 2017), citing United States v. Tex. Tech Univ., 171 F.3d 279, 286 n.9 (5th Cir. 1999).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of October, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge